**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| STEPHEN WENDELL SMYTHE, ) | |
| ) | |
| Petitioner, ) | 3:04-CV-00462-LRH-RAM |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| CRAIG FARWELL, *et al.*, ) | |
| ) | |
| Respondents. ) | |

This action is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by Stephen Wendell Smythe, a prisoner at Nevada's Lovelock Correctional Center. Before the Court are respondents' Motion to Dismiss (Docket #36), petitioner's Response (#40), respondents' Reply (Docket #41), petitioner's Statement of Innocence (Docket #42), and petitioner's "Surreply to Respondents' Reply (Docket #43).

**I.   Procedural History**

Petitioner is serving a life sentence with the possibility of parole after ten years upon his guilty plea to Second Degree Murder, entered in Nevada's Eighth Judicial District Court on October 15, 2003. (Exhibits 6 and 7).[1] Prior to the imposition of sentence, petitioner made a statement denying his responsibility for the death of the 72 year-old victim. (Exhibit 7). The trial court asked petitioner if he was asking to withdraw his guilty plea, to which petitioner responded that he had not

---

[1] The exhibits referenced in this Order were provided by respondents in support of their November 22, 2004, motion to dismiss and respondents' February 22, 2007, motion to dismiss. The exhibits are found in the Court's record at Docket #12 and Docket #37).

killed the victim. (*Id.* at p. 9). The court denied the oral motion to withdraw the guilty plea and imposed sentence. (*Id.* at p. 12). Petitioner did not file a direct appeal to the Nevada Supreme Court. (Petition, p. 1, item 3). He did, however, file a pro se petition for post-conviction relief on September 25, 2003. (Petition, at item 4; *see also* Exhibit 8). He ultimately filed three supplements to his petition, raising a total of fourteen grounds for relief. (Exhibits 9, 10, and 11).

The trial court dismissed the petition without appointing counsel or conducting an evidentiary hearing. (Exhibit 12). After moving for reconsideration, petitioner appealed the denial. (Exhibit 13). Reconsideration was denied and the Nevada Supreme Court affirmed denial of the petition on July 23, 2004. (Exhibit 14).

This Court received the original federal petition in this action on August 26, 2004, and it was filed on September 7, 2004, after the matter of payment of the filing fee was resolved. (Docket #4). The original petition raised two grounds for relief. First, that the trial court abused its discretion in denying petitioner's motion to withdraw his guilty plea before sentencing, violating his 5th, 6th, and 14th Amendment rights. Second, that petitioner received ineffective assistance of counsel in violation of his rights under the 5th, 6th, and 14th Amendments. (Original Petition, Docket #4, pp. 5-7(f)). Petitioner also filed a "Statement of Additional Claims," outlining some 33 "grounds" in support of his petition for habeas relief. (Docket #6).

By order filed July 12, 2005, the Court granted in part, and denied in part, respondents' motion to dismiss the original petition. (Docket #20). The Court denied respondents' motion to dismiss with respect to Ground 2 of the petition, upon concluding that this ground was exhausted. "Additional Grounds" 2-7, 10, 11, 13-19, and 21-32 were dismissed with prejudice. As to Ground 1 of the petition and "Additional Grounds" 1, 8, 9, 12, 20, and 33, the Court found these grounds to be unexhausted. The Court therefore ordered petitioner to make an election to either abandon the unexhausted claims and proceed on the exhausted claim, or in the alternative, to dismiss the entire petition without prejudice to return to state court to exhaust the unexhausted claims, provided that petitioner made the showing required for a stay and abeyance, pursuant to *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Petitioner chose to dismiss the petition and return to state court to exhaust his

unexhausted claims.  On August 22, 2005, the Court dismissed the habeas petition without prejudice and administratively closed this action.  (Docket #24).

On October 6, 2005, petitioner filed a second post-conviction petition in state court, seeking habeas relief.  (Exhibits 16 and 17).  On November 1, 2005, petitioner filed an amended post-conviction petition in state court.  (Exhibit 18).  On January 11, 2006, the state court denied the petition, concluding that the petition was time-barred and successive, and that petitioner had failed to demonstrate that he was actually innocent of the conviction for second-degree murder.  (Exhibit 20). On January 27, 2006, petitioner filed a motion for reconsideration, which the trial court denied on February 3, 2006.  (Exhibits 21, 22, 24).  On February 16, 2006, he filed a notice of appeal.  (Exhibit 23).  The Nevada Supreme Court affirmed the trial court's denial of petitioner's second post-conviction petition.  (Exhibit 26).  Petitioner moved for reconsideration, which the Nevada Supreme Court denied on August 22, 2006.  (Exhibit 28).  Remittitur issued on September 21, 2006.  (Exhibit 29).

On October 13, 2006, petitioner submitted a proposed amended petition to this Court and copies of orders from state court.  By order filed October 25, 2006, this Court construed petitioner's filing as a request to reopen this action, granted the request, directed the Clerk to file the First Amended Petition, and ordered respondents to file a response to thereto within 45 days.  (Docket #27, #28).  The instant motion to dismiss followed.  (Docket #36).

**II.     Timeliness of Amended Federal Petition**

Respondents assert that the amended petition was filed outside the one-year statute of limitations set by the AEDPA.  28 U.S.C. § 2244(d).  Respondents assert that petitioner spent 636 days pursuing his state post-conviction petitions before filing the amended federal petition. Respondents' argument is based on the presumption that petitioner did not have the benefit of the "stay and abeyance" procedure articulated in *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Respondents are incorrect in their assertion.  This Court's order of July 12, 2005, whereby this action was administratively closed and was subject to re-opening, constitutes a "stay and abeyance order." *Rhines v. Weber*, 544 at 278 ("[I]t would likely be an abuse of discretion for a district court to deny a

3

stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics"); *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) ("A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court"). Thus, for the time period during which petitioner returned to state court to exhaust his unexhausted claims, this action was stayed. The original federal petition served as a "protective" petition, and therefore, only 287 days ran against the AEDPA statute of limitations before petitioner filed the amended petition. *See Rhines v. Weber*, 544 at 277-78; *Pace v. DiGuglielmo*, 544 U.S. at 416. The Court deems the amended federal petition to be timely filed in this Court.

### III. Procedural Default in State Court

Generally, in order for a federal court to review a habeas corpus claim, the claim must be both exhausted and not procedurally barred. *Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003). A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner,* 328 F.3d at 1046.

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have

4

prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default. *Murray*, 477 U.S. at 488. However, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented to the state courts. *Murray*, 477 U.S. at 488-89. In addition, the independent ineffective assistance of counsel claim cannot serve as cause if that claim is procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

With respect to the prejudice prong of cause and prejudice, the petitioner bears:

> the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170 (1982). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

Respondents argue that the amended federal habeas petition should be dismissed in its entirety because all grounds contained therein were procedurally defaulted by the Nevada Supreme Court. This Court previously found that the original petition contained both exhausted and unexhausted claims. (Docket #20). The Court provided petitioner with the option of either abandoning those claims that were unexhausted and proceeding with only his exhausted claims, or dismissing his entire petition without prejudice so that he could return to state court and attempt to exhaust his claims.

Petitioner voluntarily chose to dismiss his habeas petition and return to state court. Petitioner returned to state court and filed a post-conviction petition for writ of habeas corpus, asserting eleven

grounds for relief.[2] The state post-conviction petition mirrors the claims in the amended federal petition in numbering and content. (Exhibits 16-18; Docket #28).[3] The state court denied the petition in its entirety on procedural grounds. On appeal, the Nevada Supreme Court concluded that all grounds presented in the state post-conviction petition were untimely and successive. (Exhibit 26). The denial of petitioner's post-conviction petition was affirmed on the grounds that the claims were untimely under NRS 34.726, and successive in violation of NRS 34.810. Both NRS 34.726 and 34.810 have been held on numerous occasions to be adequate state law procedural rules barring federal review. *See Moran v. McDaniel,* 80 F.3d 1261 (9th Cir. 1996); *Bargas v. Burns,* 179 F.3d 1207 (9th Cir. 1999); *Valerio v. Crawford,* 306 F.3d 742 (9th Cir. 2002); *Vang v. State of Nevada,* 329 F.3d 1069, 1074 (9th Cir. 2003). Because all of petitioner's grounds for relief were denied on adequate and independent state law grounds, this Court is barred from considering them now.

Petitioner argues that his procedural default should be excused because he can demonstrate cause and prejudice. Petitioner argues that trial counsel failed to provide him with all of the underlying records in his case, precluding him from making a timely appeal of all issues. Petitioner claims that he did not receive a copy of the following: (1) the September 26, 2002, Amended Criminal Information; (2) the September 26, 2002, transcript of the plea canvas; and (3) the November 21, 2002, transcript of the sentencing hearing. Petitioner claims to have received these documents for the first time when he was served with a copy of respondents' November 22, 2004, motion to dismiss. It appears that petitioner is claiming that he was precluded from timely asserting Grounds 3, 5-8, 10, and 11 – the new claims presented for the first time in the second state post-

---

[2] Although Ground 1 (ineffective assistance of counsel) of the amended federal petition was previously determined by this Court to be exhausted when it was presented in the original petition, petitioner chose to re-present the issue to the Nevada state courts in his second state post-conviction petition.

[3] Ground 1 of the amended federal petition was formerly Ground 2 of the original petition. Ground 2 of the amended petition is formerly Ground 1 of the original petition. Ground 4 of the amended petition was formerly Additional Ground 33 of the original petition. Ground 9 of the amended petition was formerly Additional Ground 12 of the original petition. Grounds 3, 5-8, 10, and 11 were presented to the state court for the first time in the second post-conviction petition and are presented to this Court for the first time in the amended federal petition.

6

conviction petition and in the amended federal petition.  On review of the new grounds for relief, none of the missing documents were necessary for petitioner to make a full and complete challenge to his conviction or sentence.  Petitioner has failed to demonstrate cause and prejudice sufficient to excuse his the procedural default of his claims in state court.  All grounds asserted in the amended petition are subject to dismissal as procedurally defaulted.

**IT IS THEREFORE ORDERED** that respondent's Motion to Dismiss (Docket #36) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Amended Petition for Writ of Habeas Corpus (Docket #28) is **DISMISSED in its entirety, with prejudice.**

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly.

Dated this 3rd day of August, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

7