UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| STEPHEN WENDELL SMYTHE, | ) | |
| Petitioner, | ) | 3:04-cv-00462-LRH-RAM |
| vs. | ) | |
| | ) | **ORDER** |
| CRAIG FARWELL, *et al.*, | ) | |
| Respondents. | ) | |

On August 3, 2007, the Court dismissed with prejudice this *pro se* petition for a writ of habeas corpus. (Docket #44). Judgment was entered on August 6, 2007. (Docket #45). Before the Court is petitioner's motion for reconsideration, filed August 21, 2007. (Docket #46).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been

        reversed or otherwise vacated, or it is no longer equitable that the
judgment should have prospective application; or (6) any other reason
justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

        In the Order of August 6, 2007, this Court determined that petitioner's grounds for habeas relief were procedurally defaulted in state court, and that this Court was therefore barred from considering the petition. (Docket #44). The Court further found that petitioner failed to demonstrate cause and prejudice to excuse the procedural default. (Docket #44).

        In the motion for reconsideration, petitioner claims that the Court's decision "was reached without full and proper consideration of the established facts in this case." (Docket #46, at p. 1). Petitioner continues to assert his innocence of the underlying crime of second degree murder. (Docket #46). Petitioner has failed to make an adequate showing under either Rule 60(b) or 59(e) that this Court's Order dismissing the action should be reversed.

        **IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration (Docket #46) of this Court's Order dismissing this action is **DENIED.**

        Dated this 17th day of January, 2008.

                                                                                      LARRY R. HICKS
                                                                                    UNITED STATES DISTRICT JUDGE